UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS RIBUSTELLO,** | Civ. No. 2:12-cv-02326 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **WILSON SPORTING GOODS COMPANY,** *et al.*, | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Thomas Ribustello brings this action against the Wilson Sporting Goods Company ("Wilson"), Christopher Considine, and William Kirchner (collectively "Defendants"). This matter comes before the Court on Defendants Considine and Kirchner's motion to dismiss. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**.

## I.      BACKGROUND

Plaintiff is an individual and a citizen of the State of New Jersey. Defendant Wilson is a corporation incorporated in Delaware, with its principal place of business in Illinois. Defendants Considine and Kirchner are individuals who are citizens of the State of Illinois. Considine is the President of Wilson. Kirchner is the Vice President of Sales and Service at Wilson. Kirchner's duties include hiring, promoting, and firing employees.

The Complaint alleges as follows. For many years, employees at Wilson were part of a pension plan. Compl. ¶ 19. The pension plan's benefits increased substantially when an employee reached 65 years of age. *Id.* ¶ 20. In 1999, Wilson stopped offering the pension plan benefit to new employees. *Id.* ¶ 19. The Complaint alleges that Wilson developed a pattern and practice of terminating its oldest employees when those employees were approaching their late 50's and early 60's. *Id.* ¶ 18.

Plaintiff began working at Wilson in 1972, and was employed by Wilson for approximately 40 years. Compl. ¶¶ 5, 12. In his last 17 years at Wilson, Plaintiff was employed as a National Account Manager ("NAM"). *Id.* ¶ 12. As an NAM, he was

responsible for handling national accounts in all sales areas, including Team Sports, Racquet and Golf.  *Id.* ¶ 13.  Wilson did not require that an NAM live in the territory of the assigned accounts, and did not assign national accounts based on their geographical location.  *Id.* ¶¶ 8-9.  Thus, an NAM could live anywhere and handle the same accounts.

In or around 2009, Wilson took away Plaintiff's largest account, along with several smaller accounts.  *Id.* ¶ 15.  On November 1, 2011, Wilson sent an e-mail to various employees announcing that a sales representative, who was under the age of 40, was being promoted to an NAM, effective November 28, 2011.  *Id.* ¶ 21.  As of November 28, 2011, Plaintiff was the oldest NAM at Wilson.  *Id.* ¶ 35-36.  On November 28, 2011, Plaintiff received a telephone call from Kirchner who advised Plaintiff that his position was eliminated, effective December 31, 2011.  *Id.* ¶ 26.  Kirchner advised Plaintiff that there was a reduction in the workforce, and that Plaintiff's termination was not performance based.  *Id.* ¶¶ 27-28.  That same day, Plaintiff e-mailed Considine to seek assistance in retaining his job.  *Id.* ¶ 29.  Considine did not respond to Plaintiff's e-mail and did not render assistance.  *Id.* ¶ 30.

On March 1, 2012, Plaintiff filed a Complaint in the Superior Court of New Jersey in Bergen County.  Defendants removed the action to this Court on April 19, 2012.  Defendants Considine and Kirchner now move to dismiss the Complaint.

## II.    DISCUSSION

Plaintiff asserts 3 causes of action in the Complaint: (1) Count 1: Age Discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), asserted against all Defendants; (2) Count 2:  Intentional Infliction of Emotional Distress, asserted against all Defendants; and (3) Count 3: Quantum Meriut, asserted against Wilson.  Defendants Considine and Kirchner move to dismiss the Complaint for improper service of process, lack of personal jurisdiction, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2), (5) and (6).  Because the Court determines that it lacks personal jurisdiction over Considine and Kirchner, the Court does not reach the issues of service of process or failure to state a claim.

The burden of demonstrating facts that establish personal jurisdiction falls on the plaintiff.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).  "[T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry."  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998).  First, the court applies the relevant long-arm statute of the forum state to determine if it permits the exercise of jurisdiction.  *Id.*  Second, the court applies the principles of the Due Process Clause of the Constitution.  *Id.*  In New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process.  *See* N.J. Court. R. 4:4-4(c); *DeJames v. Magnificence Carriers*, Inc., 654 F.2d 280, 284 (3d Cir. 1981).  Personal jurisdiction under the Due Process Clause requires a plaintiff to show that the defendant has purposefully directed its activities toward the residents of the forum state,

or otherwise "purposefully avail[ed] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

A party is subject to the personal jurisdiction of a court through either general or specific jurisdiction. *See J Mcintyre Machinery, Ltd. v. Nicastro*, 131 S.Ct. 2780, 2789 (2011). In this case, Plaintiff asserts that there is specific jurisdiction because the plaintiff's cause of action arises out of the defendant's contacts with the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984). In order for specific jurisdiction to be properly exercised under the Due Process Clause, the plaintiff must satisfy a two-part test. First, the plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Second, for jurisdiction to be exercised the court must determine, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In this case, the facts alleged by Plaintiff are insufficient to demonstrate that Considine and Kirchner purposely availed themselves of the benefits and protections of New Jersey law. Considine and Kirchner reside and work in Illinois. Plaintiff unilaterally decided to reside in New Jersey, despite having accounts all over the country. Plaintiff's only allegation as to Considine is that Considine failed to respond to one e-mail that Plaintiff sent from New Jersey. Plaintiff's only allegation as to Kirchner is that Kirchner made one telephone call from Illinois to New Jersey to inform Plaintiff of his termination. Courts have held time and again that such communications are insufficient to confer personal jurisdiction. *See Bangura v. Pennrose Mgmt. Co.*, 2010 U.S. Dist. LEXIS 59450, at *9-10 (D.N.J. June 15, 2010) ("The necessity of communicating with an employee who happens to work in New Jersey cannot be said to show that the supervisors purposefully directed their activities at New Jersey"); *Nelligan v. Zaio Corp.*, 2011 U.S. Dist. LEXIS 28628, at *14 (D.N.J., Mar. 21, 2011) ("Simply because Plaintiff unilaterally decided to live and work in New Jersey is insufficient to show that [her supervisor] directed this comment at the forum state"); *Walburn v. Rovema Packaging Machines, L.P.*, 2008 U.S. LEXIS 25369, at *3 (D.N.J. Mar. 28, 2008) (telephone calls and mail correspondence to plaintiff did not create a connection with the state). Thus, the Court finds that it does not have personal jurisdiction over Considine and Kirchner.

## III.   CONCLUSION

For the reasons stated above, Defendants Considine and Kirchner's motion to dismiss is **GRANTED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 9, 2013**